UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BRANDON TAYLOR, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:10-CV-93 RM |
| | ) | (Arising out of 3:08-CR-99 RM) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## OPINION and ORDER

Brandon Taylor pleaded guilty to assault of a United States government officer resulting in bodily injury (Count 1, in violation of 18 U.S.C. §§ 111 and 1114), threatening to assault a federal law enforcement officer (Count 2, in violation of 18 U.S.C. §§ 115 and 1114), and knowingly retaliating against a government witness (Count 3, in violation of 18 U.S.C. § 1513). The incident giving rise to those charges occurred when a Deputy United States Marshal was returning Mr. Taylor to the county jail immediately after a jury verdict against Mr. Taylor (in Cause No. 3:07-CR-111) on two counts of being a felon in possession of a firearm and ammunition and two counts of possessing a firearm and ammunition as an unlawful user of controlled substances. Upon his arrival at the jail, Mr. Taylor assaulted a Deputy United States Marshal and a county sheriff's deputy who was assisting the Marshal's Service, threatened a county sheriff's deputy who had testified against Mr. Taylor at his trial, and made threats against

other officers from the United States Marshal's Service and the county sheriff's department.

Mr. Taylor was sentenced to a term of 96 months' imprisonment on Count 1, terms of 100 months imprisonment on each of Counts 2 and 3, with those terms to run concurrently with each other, but with 60 months to be served consecutively to Mr. Taylor's undischarged term of imprisonment in Cause No. 3:07-CR-111. He was ordered to make restitution in the amount of $838.65 and pay a special assessment of $300.00. Mr. Taylor is now before the court requesting that his sentence be vacated pursuant to 28 U.S.C. § 2255.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Mr. Taylor's plea agreement reveals that he waived his right to appeal his conviction and sentence and to contest his conviction and sentence in a § 2255 proceeding. Mr. Taylor's plea agreement, signed by Mr. Taylor, his attorney David Jones, and Assistant United States Attorney Donald Schmid contains the following language in paragraph 9(d):

2

> (d) I understand that the offense to which I am pleading guilty falls under the Sentencing Guidelines promulgated by the United States Sentencing Commission under Title 28, United States Code, Section 994. I am aware that my sentence will be determined in accordance with the United States Sentencing Guidelines, applicable sentencing laws, and this plea agreement. I agree that the court has jurisdiction and authority to impose any sentence within the statutory maximum set forth my offense(s) as set forth in this plea agreement. With that understanding, I expressly waive my right to appeal my conviction, my sentence and any restitution order to any court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence or any restitution order imposed, or the manner in which my conviction, the sentence or the restitution order was determined or imposed on any ground including any alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742 or in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

Despite the waivers and admissions in his plea agreement, Mr. Taylor challenges his sentence based on his claims that (1) he received ineffective assistance of counsel because his counsel didn't request a mental evaluation; (2) the court abused its discretion by not ordering a mental evaluation; (3) he can't be held responsible for the offenses charged because he wasn't in his right state of mind; (4) his signature on the plea agreement and his plea of guilty were unknowing, involuntary, and invalid; (5) the St. Joseph County Jail administration violated his constitutional rights when jail officials didn't request a psychiatric evaluation immediately after the incident that forms the basis of this case; (6) the court had no subject matter jurisdiction to impose a sentence for a state offense; (7) the government "completely mislead the grand jury to obtain and or return a federal indictment in this instant offense;" and (8) he was wrongly denied a reduction in

his offense level for acceptance of responsibility and a downward departure due to his mental disabilities.

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005); when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); or when the sentence is in excess of the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005).

Mr. Taylor said at his change of plea hearing that he told his attorney everything counsel needed to know to represent him in this case, that his plea was knowing and voluntary, that no one had used any force or made any threats to get him to plead guilty, that he read and had discussed the plea agreement with his counsel prior to the plea hearing, that he was guilty of the charges contained in all counts of the Indictment, and that he was satisfied with the representation his attorney had provided. Mr. Taylor answered specific questions from the court about the waiver provision of his plea agreement:

> THE COURT: Now, as you know, people who are sentenced in federal court have the right to appeal their sentence. But as I understand it, as part of your plea agreement, you're giving up the right to appeal this sentence and the right to file any later petition for

post-conviction relief or petition for writ of habeas corpus directed at your sentence or your conviction. Is that how you understand that?

    MR. TAYLOR: Yes, sir.

    THE COURT: And I want to be sure that we're all on the same page. What that means to me is that if from here on out I do anything with respect to the case that you don't think was right, or if Mr. Schmid or anyone else from his office does anything with respect to the case that you don't think was right, or if Mr. Jones in trying to represent you were to do anything with respect to the case that you didn't think was right, even if whatever went wrong meant your sentence turned it to be longer than it should have been, once I impose the sentence at the sentencing hearing, you won't be able to complain about that to this court or any other court. Is that how you understand that?

    MR. TAYLOR: Yes.

Plea Hrg. Tr.

Mr. Taylor hasn't challenged the plea agreement's waiver provision nor has he claimed that his counsel was ineffective in negotiating the waiver. Instead, he claims that his signature on his plea agreement and his guilty plea were "unknowing, [in]voluntary, and invalid," a claim belied by his own statements relating to his decision to plead guilty:

    THE COURT: Has anybody used any force or made any threats against you to get you to plead guilty?

    MR. TAYLOR: No, sir.

    \*   \*   \*

    THE COURT: Mr. Taylor, do you understand what has to be true for you to be found guilty of these charges?

    MR. TAYLOR: Yes.

    THE COURT: Do you – and is that how you understood it when you signed the plea agreement?

> MR. TAYLOR: Yes.
>
> THE COURT: Do you think you're guilty?
>
> MR. TAYLOR: Yes.
>
> \* \* \*
>
> THE COURT: Do you understand that if you plead guilty, there won't be a trial, either next week or any other time; you'll have given up that right to a trial and all those rights that go along with a trial? Do you understand that?
>
> MR. TAYLOR: Yes.
>
> \* \* \*
>
> THE COURT: Do you still want to plead guilty, sir?
>
> MR. TAYLOR: Yes.
>
> THE COURT: Why do you want to plead guilty?
>
> MR. TAYLOR: I'm guilty of all the allegations against me.

Plea Hrg. Tr. Mr. Taylor also made the following statement at his sentencing hearing:

> [F]irst and foremost I want to say that I'm sorry for my actions that was taken on January 16th. I can admit that I'm sorry. I hope my apology is accepted to the ones I was hurting and threatening. And also, first and foremost, I want to say that I understand what I did, and I'm doing my time for it. But, your Honor, I think – I think a reasonable sentence should be imposed to me today. I understand that you got to do what you got to do, but I do also got a substantial amount of time in my other case that I have before this court. I'm hoping that you sentence me with – have my time run concurrent with the time that I already have to do today. That's all I have to say today, Your Honor.

Sent. Hrg. Tr.

Mr. Taylor says, too, that his plea was invalid because he didn't receive a mental competency examination before entry of his plea. He claims his attorney

was ineffective and the court abused its discretion by not ordering him to undergo a mental examination, as evidenced by conditions Mr. Taylor deems relevant: he has a history of substance abuse; he didn't experience any verbal, physical, or sexual abuse while growing up, but "he never had a real good male role model in his life;" he has a history of mental disorders/disabilities; and his making of numerous types of serious threats, including a threat to murder federal officials, "is not normal" and "demonstrates the defendant's very serious mental disorder."

A defendant is entitled to a competency hearing "if a bona fide doubt arises about his ability to consult with his attorney or his understanding of the charges brought against him." United States v. Ross, 510 F.3d 702, 712 (7th Cir. 2007) (*quoting* Woods v. McBride, 430 F.3d 813, 817 (7th Cir. 2005)); *see also* Dusky v. United States, 362 U.S. 402, 402 (1960) (test for defendant's competency to stand trial is "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him"); 18 U.S.C. § 4241(a) (competency determination required "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"). Mr. Taylor provides no support for a finding that a competency exam was warranted: he doesn't claim that he was unable to consult with his attorney, that he didn't understand the charges against him, that

7

he was unable to assist in his defense, or that any of his actions at his plea or sentencing hearings would or should have alerted his attorney or the court that his competency was at issue. Mr. Taylor's conclusory allegation that his counsel was ineffective, the court abused its discretion, and St. Joseph County Jail personnel violated unspecified constitutional rights because no mental examination was requested or undertaken is insufficient to entitle him to relief on his claims.

Mr. Taylor's statements at his change of plea hearing, statements made under oath, are presumed to be truthful when determining whether his plea was knowing and voluntary. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). The record supports a finding that Mr. Taylor's guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). The plea agreement clearly and unambiguously sets forth the wavier of his right to appeal and file a § 2255 petition, the court explained the waiver to Mr. Taylor during the plea colloquy, and Mr. Taylor acknowledged that he understood. Because Mr. Taylor's plea was informed and voluntary, the waiver of his right to appeal or file a § 2255 petition "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

To the extent Mr. Taylor's claims relating to ineffective assistance of counsel could be construed as relating directly to the negotiation of the plea agreement, he can't succeed on his petition. "To prevail on his ineffective assistance claim,

[Mr. Taylor] must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that 'the [alleged] deficient performance prejudiced the defense.' In order to satisfy the prejudice prong, [Mr. Taylor] must establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006) (*quoting* Strickland v. Washington, 466 U.S. 668, 687-688, 694 (1984)). "Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [Mr. Taylor] would not have pleaded guilty." Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002).

Mr. Taylor hasn't alleged he wouldn't have pleaded guilty had his attorney acted differently, United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005), nor has he demonstrated prejudice: he hasn't identified evidence that would have created a reasonable probability of a different outcome, he hasn't outlined facts that could show a reasonable probability that the results in his case would have been different but for counsel's error, and he hasn't outlined facts that could establish that the proceedings were fundamentally unfair or the result unreliable. Mr. Taylor hasn't carried his burden with respect to the prejudice prong.

Mr. Taylor's remaining claims – that the court was without jurisdiction to impose his sentence, the government misled the grand jury, and he was denied

an offense level reduction for acceptance of responsibility[1] and mental disabilities – don't relate to the negotiation of the waiver of his right to appeal, so those claims are foreclosed by his plea agreement, in which he expressly waived his right to appeal or challenge his conviction and sentence and the manner in which the conviction and sentence were determined or imposed. United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005).

Mr. Taylor isn't entitled to the relief he seeks. His petition filed pursuant to 28 U.S.C. § 2255 [docket # 28] is SUMMARILY DISMISSED.

SO ORDERED.

ENTERED:   March 23, 2010

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc:   B. Taylor
      AUSA Schmid

---

[1] Mr. Taylor did, in fact, receive a three level decrease in his offense level based on his acceptance of responsibility. *See* Sent. Memo. (Jan. 12, 2009), at 4-5.